CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| BENJAMIN H. JONES, #155438, | ) | |
| Plaintiff, | ) | Civil Action No. 7:05-cv-00496 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PRISON GUARD LARGE, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |
| | ) | |

Plaintiff Benjamin H. Jones, a Virginia inmate acting pro se, submits this civil rights complaint, pursuant to 42 U.S.C. §1983. Jones also applies to proceed in forma pauperis under 28 U.S.C. § 1915(g), alleging that he is in imminent danger of physical harm. In this complaint, Jones complains that the defendant prison officials at Red Onion State Prison have tampered with his food trays, taunted him about eating food that "smelled," and served him cold food trays or trays that had been dropped on the floor. He also alleges that on two recent occasions, officers have threatened to kill him or to "whupp [his] ass." Jones seeks a court order enjoining the defendants from threatening or assaulting him or from contaminating his food. Upon review of the record, the court concludes that the complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

As stated, Jones has not prepaid the $250.00 filing fee required in civil actions and, instead, seeks to proceed in forma pauperis. By order and opinion dated August 12, 1998, the court held that Benjamin Jones had filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim, and that, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis, unless he prepays the $250.00

1

filing fee or alleges facts demonstrating that he is in imminent danger of physical harm. The court assumes that Jones is attempting to meet the "imminent danger" requirement through his current allegations of threats.

In order to qualify for the imminent danger exception under §1915(g), the prisoner must at least raise a credible allegation that he is in imminent danger of serious physical harm at the time he files the complaint. White v. State of Colorado, 157 F.3d 1232 (10th Cir. 1998) Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). Jones's complaint does not raise any credible allegation that he is currently in imminent danger of suffering physical harm. All of his complaints concern past events. Moreover, he fails to allege facts demonstrating that any of the challenged conditions–verbal threats, cold or bad-smelling food, or food trays that have been on the floor–places him at any risk of ever suffering serious physical injury. Therefore, the court concludes that Jones fails to allege facts sufficient to satisfy the "imminent danger" requirement for in forma pauperis under §1915(g),[1] and will therefore deny plaintiff's request to proceed in forma pauperis under §1915(g). As Jones is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will file and dismiss this action without prejudice.[2] An appropriate order shall be issued this day.

---

[1] For similar reasons, the court will deny Jones' request for interlocutory injunctive relief. Jones fails to demonstrate that he will suffer irreparable harm from cold or smelly food or from verbal threats in the absence of the requested relief.

[2] Jones also admits that he has only just begun the process of exhausting his administrative remedies as to his current claims. Accordingly, this action is also barred under 42 U.S.C. §1997e(a), which requires an inmate to exhaust administrative remedies (including all available levels of appeal) before bringing a court action.

2

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This _13th_ day of September, 2005.

_James C. Turk_
Senior United States District Judge